UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO GUERRA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI MENDOTA CAMP,<br><br>Respondent. | No.  1:26-cv-01886-CDB (HC)<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR EXPEDITED CONSIDERATION<br><br>(Doc. 1) |

Petitioner Ernesto Guerra ("Petitioner") is a federal prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner filed the instant habeas petition on March 9, 2026, while in custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution, Mendota Camp ("FCI-Mendota").  (Doc. 1).

**Petitioner's Request for Appointment of Counsel**

In the petition, Petitioner requests the Court appoint him counsel.  (Doc. 1 at 3-4).  In support, Petitioner asserts that he is incarcerated and cannot afford counsel, this case involves complex sentencing laws and BOP regulations, and his liberty interest is "extreme" as he served "51 months extra custody plus 23 months of ignored FSA [credits]."  *Id.*

There is no constitutional right to counsel in federal habeas proceedings.  *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993).  However, the Criminal Justice Act 18 U.S.C. § 3006A, authorizes the Court to appoint counsel for

1

a financially eligible person who seeks relief under § 2254 when the "court determines that the interest of justice so require." *Id*. at § 3006A(a)(2)(B); *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (prisoners not entitled to appointed counsel "unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."). Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the Court to appoint counsel: (1) where discovery is authorized on a showing of good cause and counsel is deemed "necessary" to facilitate effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted for the disposition of a petition. *See* Habeas Rules 6(a) and 8(c).[1]

The Court finds Petitioner has not demonstrated that appointment of counsel is necessary or warranted at this early stage of proceedings. Although Petitioner asserts that this case involves a complex legal issue, the Court notes that the sentencing and computation-related issues implicated in this case are not unusual in habeas proceedings. Furthermore, Petitioner has not shown any exceptional circumstances that warrant the appointment of counsel at this stage. Petitioner's proffered difficulties in presenting this case without the assistance of counsel and arising from his status as a federal prisoner are shared with most habeas petitioners. Petitioner was able to file his habeas petition without the aid of counsel. The Court will consider appointing counsel to represent Petitioner if the Court later finds good cause to permit discovery or if the Court decides that an evidentiary hearing is needed in this matter. Therefore, at this stage, the circumstances of this case do not indicate that appointed counsel is necessary or that failure to appoint counsel necessarily would implicate due process concerns.

**Petitioner's Request for Expedited Consideration**

Petitioner also requests by his petition expedited consideration. (Doc. 1 at 3). Petitioner requests expedited review, asserting that BOP projects his release on July 24, 2033, "ignoring 51 months of prior custody and 23 months of FSA [credits]," each day of delay is unlawful "[over-detention]" and relief is purely legal and evidence already exists in the BOP records." *Id.*

Notwithstanding Petitioner's representations, the Court currently does not have before it

---

[1] The Rules governing 28 U.S.C. § 2254 cases in the United States Courts are appropriately applied to proceedings pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).

sufficient information to assess the merits of the petition or the propriety of granting the relief requested to warrant expedited consideration of his petition. Accordingly, the Court declines to set this matter for expedited briefing.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Petitioner's request for appointment of counsel (Doc. 1) is DENIED; and

2. Petitioner's request for expedited consideration (Doc. 1) is DENIED.

IT IS SO ORDERED.

Dated:   **March 11, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3