UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO GUERRA,<br>Petitioner,<br>v.<br>WARDEN, FCI MENDOTA CAMP,<br>Respondent. | No. 1:26-cv-01886-CDB (HC)<br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br>(Docs. 1, 8)<br>21-Day Deadline |

Petitioner Ernesto Guerra ("Petitioner") is a federal prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner filed the instant habeas petition on March 9, 2026, while in custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution, Mendota Camp ("FCI-Mendota"). (Doc. 1).

"As a general rule, [28 U.S.C.] § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (quotations and citations omitted). Thus, a federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under § 2255. *Alaimalo v. United States*, 645 F.3d 1042, 1046 (9th Cir. 2011).

In contrast to challenges to the legality of a conviction and sentence, a petition by a federal prisoner challenging the manner, location, or conditions of a sentence's execution is brought under

28 U.S.C. § 2241 in the district of confinement. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). The BOP's calculation of sentencing credit is an issue pertaining to the execution of a sentence which a habeas petitioner may challenge through a petition brought under § 2241. *See Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015) (citing *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984)).

In this case, Petitioner asserts two substantive claims for relief. First, he challenges the BOP's alleged unlawful computation of sentence commencement and refusal to credit time previously served on the same judgment. (Doc. 1 at 1). Specifically, Petitioner alleges that he was arrested on April 28, 2019, and was in continuous custody through the date of his conviction and sentencing (June 28, 2023) and argues the BOP's current sentence computation fails to credit Petitioner for this 51-month period of pre-sentence incarceration, which unlawfully extends his current term. Second, he argues that the BOP has failed to apply any First Step Act ("FSA") credits he has earned and accrued since January 30, 2025. *Id.* at 2-3.

On March 30, 2026, Petitioner filed a "Motion for Injunctive Relife [*sic*] Regarding FSA Credits." (Doc. 8). Therein, he asserts that "the BOP corrected movents [*sic*] prior custody credit" but that the BOP has not corrected its failure to properly apply towards his sentence FSA time credits. *Id.* at 2.

In his response to the Petition, Respondent appears to corroborate that the BOP has taken some action in furtherance of crediting Petitioner for both his prior custody time served and application of FSA credits. (Doc. 17). Thus, counsel for Respondent represents: "[a]ccording to BOP, it has provided all credit sought by Guerra, however, BOP did not provide a declaration memorializing and documenting these efforts as was expected and requested. To that end, Respondent does not oppose Guerra's request to re-calculate and apply his FSA credits." *Id.* at 1.

A federal prisoner is entitled to "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence." 18 U.S.C. § 3585(b)(2). Here, Respondents does not dispute that Petitioner is entitled to credit for the period of his pre-sentence incarceration toward his current term of imprisonment.

Separately, under the FSA, federal prisoners "who successfully complete[ ] evidence-based recidivism reduction programming or productive activities" "shall earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A). A prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(ii). Inmates may begin earning FSA time credits after their term of imprisonment commences. 28 C.F.R. § 523.42. Here, once again, Respondent does not dispute that Petitioner is entitled to FSA credits he earned following commencement of service of his sentence.

Given Respondent does not oppose granting the petition for writ of habeas corpus and awarding Petitioner the relief he seeks and because the Court finds Petitioner is entitled to that relief under 18 U.S.C. §§ 3585 & 3632 and those statute's implementing regulations, the Court will grant the petition for writ of habeas corpus.

Accordingly, it is hereby **ORDERED:**

1. The petition for writ of habeas corpus (Doc. 1) is GRANTED.
2. Within **21 days** of entry of this order, Respondent shall recalculate Petitioner's sentence completion date after granting and applying (1) credit toward his service of his current term of imprisonment for any time he has spent in official detention prior to the date his sentence commenced (*see* 18 U.S.C. § 3585), and (2) credit for his completion of evidence-based recidivism reduction programming or productive activities for which he is entitled to credits (*see* 18 U.S.C. § 3632).
4. The Clerk of the Court is DIRECTED to enter judgment for Petitioner and to close this case.

IT IS SO ORDERED.

Dated: **August 17, 2026**

UNITED STATES MAGISTRATE JUDGE